# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIM. ACTION NO. 06-30046-03 |
| VERSUS | * | JUDGE JAMES |
| STEVE A. GOLDSBY | * | MAGISTRATE JUDGE HAYES |

## ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Suppress filed by defendant, Steven A. Goldsby. [Document No. 82].

The law in this circuit provides that a "motion to suppress must in every critical respect be sufficiently definite, specific, detailed and non-conjectural to enable the Court to conclude that a substantial claim is presented . . . . In short, the motion must allege facts which, if proven, would provide the basis for relief." *United States v. Richardson*, 764 F.2d 1514, 1527 (5th Cir. 1985), and cases cited therein. Furthermore, under Fed.R.Crim.P. 41(e), an evidentiary hearing is required on a motion to suppress only when necessary to receive evidence on an issue of fact. *United States v. Harrelson*, 705 F.2d 733 (5th Cir. 1983). The defendant in this case has submitted no memorandum supporting his motion to suppress, and the motion itself fails to assert the factual basis of his claim. In order to enable this Court to accurately determine whether an evidentiary hearing is warranted, defense counsel shall submit a memorandum in support of the previously filed motion to suppress containing the following:

(a) A statement of the issue or issues presented;

(b) A statement of the facts; (Counsel shall not include legal conclusions in the statement of facts. For example, a statement of facts should not include a statement that a search was unconstitutional or that probable cause did not exist to

support an arrest, etc.)

(c) A statement identifying the specific factual disputes which justify an evidentiary hearing under Fed.R.Crim.P. 41(e);

(d) A list of pertinent United States Supreme Court and/or federal appellate citations of authority which support the defendant's motion; and

(e) Argument and conclusion.

**IT IS HEREBY ORDERED** that the defendant submit the memorandum as outlined above within ten days, or by February 2, 2007.

THUS DONE AND SIGNED at Monroe, Louisiana, this 23rd day of January, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE